UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RALPH S. JANVEY, *et al.*,

   Plaintiffs,

      v.

PROSKAUER ROSE, LLP, *et al.*,

   Defendants.

Civil Action No. 12-155 (CKK)

MEMORANDUM OPINION
(July 24, 2014)

Presently before the Court is Plaintiffs' [15] Motion to Transfer Case to the United States District Court for the Northern District of Texas. In response, Defendants filed a [29] Cross-Motion to Dismiss for Lack of Jurisdiction. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that transferring this case to the United States District Court for the Northern District of Texas is not in the interest of justice. Accordingly, Plaintiffs' [15] Motion is DENIED and Defendants' [29] Cross-Motion is GRANTED and this case is DISMISSED.[2]

---

[1] Plaintiffs' Motion to Transfer Under 28 U.S.C. § 1631 ("Pl.s' Mot."), ECF No. [15]; Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Transfer Under 28 U.S.C. § 1631 and in Support of Defendants' Cross-Motion to Dismiss for Lack of Jurisdiction ("Def.s' Opp'n."), ECF No. [30]; Plaintiffs' Reply in Support of Motion to Transfer Under 28 U.S.C. § 1631 ("Pl.s' Reply"), ECF No. [37].

[2] Pending before the Northern District of Texas District Court at the time this matter was transferred back to this Court were two motions: (1) Plaintiff Ralph S. Janvey's Motion to Substitute Attorney, N.D. Tex., ECF No. [66], and (2) Defendants Proskauer Rose LLP and Thomas V. Sjoblom's Cross-Motion to Compel Discovery, N.D. Tex., ECF No. [70]. Both motions are opposed. Defendants oppose Plaintiffs' substitution of counsel because "they believe that proposed replacement counsel, Neligan Foley LLP, co-counsel and/or Janvey may have received actual or imputed knowledge of confidential government information [about the SEC investigation], including information concerning Proskauer and Sjoblom, in violation of

# I. BACKGROUND

This case arises from the Ponzi scheme of Allen Stanford, who controlled Stanford International Bank ("SIB") which sold billions of dollars in fraudulent certificates of deposit to more than 50,000 people over a period of more than two decades. Pl.s' Mot. ¶ 2. Plaintiff Ralph S. Janvey was appointed by the United States District Court for the Northern District of Texas, Dallas Division, to serve as the Receiver for the Stanford Receivership Estate. Compl. ¶ 2. In his capacity as Court-Appointed Receiver, Janvey filed suit on behalf of the Stanford Receivership Estate and the Official Stanford Investors Committee (collectively, "Plaintiffs") against Proskauer Rose, LLP, Chadbourne & Parke, LLP, and Thomas V. Sjoblom (collectively, "Defendants") on January 27, 2012, asserting negligence, aiding and abetting in breaches of fiduciary duties, and aiding and abetting in a fraudulent scheme, among other claims, by assisting SIB in evading regulatory oversight and obstructing the government investigation. *Id*. at ¶¶ 209-221; Pl.s' Mot., ¶ 3. Although Plaintiffs filed sixty-one lawsuits on behalf of the Stanford Receivership Estate in the United States District Court for the Northern District of Texas, Plaintiffs filed the present cause of action in this Court. *See* Def.s' Opp'n. at 1-2; Rouhandeh Decl., ECF No. [31-1].

---

Texas Disciplinary Rule of Professional Conduct 1.10 and ABA Model Rule of Professional Conduct 1.11." Joint Status Report (Feb. 6, 2014), ECF No. [20], at 6. In their Cross-Motion to Compel Discovery, Defendants seek discovery to "determine the extent of the improper transmission of that information," if any. Def.s' Cross-Mot. at 7. This Court has determined there is no need to evaluate the parties' motions to substitute counsel and to compel discovery because Defendants' concerns about replacement counsel's knowledge of confidential information about the SEC investigation have no bearing on the purely procedural motion to transfer presently before the Court. Moreover, as this case is being dismissed for lack of jurisdiction, the Court finds Plaintiffs' [66] Motion to Substitute Counsel and Defendants' [70] Cross-Motion for Discovery MOOT. Accordingly, the Court also denies as MOOT the recent Motion for Admission *Pro Hac Vice* filed on behalf of attorney Douglas J. Buncher as proposed counsel to represent Plaintiff Ralph S. Janvey. *See* ECF No. [38].

On February 16, 2012, Defendants filed a Notice of Potential Tag-Along Action with the United States Panel on Multidistrict Litigation, seeking transfer of this case to the United States District Court for the Northern District of Texas. *See* Remand Order (Dec. 23, 2013), ECF No. [14]. Subsequently, on March 2, 2012, this case was transferred to the United States District Court for the Northern District of Texas by the Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407, which provides that civil actions that involve one or more common questions of fact and are pending in different districts may be transferred to any district for coordinated or consolidated pretrial proceedings. The Clerk of the Panel entered a conditional order transferring the case to the Northern District of Texas. *See* Conditional Transfer Order (Mar. 1, 2012), ECF No. [11].

On October 24, 2012, Defendants filed Motions to Dismiss for Lack of Jurisdiction in the Northern District of Texas. *See* N.D. Tex. (Dallas), ECF Nos. [49], [50], [53]. Defendants argued that the Northern District of Texas did not have subject matter jurisdiction because the parties were not diverse due to the "statelessness" of Defendants Proskauer Rose and Chadbourne & Parke. Def.s' Mot. to Dismiss, N.D. Tex. (Dallas), ECF No. [49], at 13-23. Additionally, Defendants contended that, because Plaintiffs originally chose to file in the District of Columbia, they could not assert jurisdiction in the Northern District of Texas pursuant to 28 U.S.C. § 754 and must instead establish an independent ground for federal subject matter jurisdiction, which they failed to do. *Id*. at 23-26. On December 12, 2012, Plaintiffs moved for a recommendation of remand of the case to the District of Columbia, arguing that the District of Columbia court could cure any jurisdictional defects by ordering a 28 U.S.C. §1631 transfer in the "interest of justice" to a court with jurisdiction. *See* Pl.s' Mot. for Recommendation of Remand, N.D. Tex. (Dallas), ECF No. [55]. On August 21, 2013, the United States District

Court of the Northern District of Texas issued an order denying Defendants' motions to dismiss and recommending that the United States Judicial Panel on Multidistrict Litigation remand the case back to the United States District Court for the District of Columbia to determine Plaintiff's § 1631 transfer request. *See* Order (Aug. 21, 2013), N.D. Tex. (Dallas), ECF No. [71]. On December 23, 2013, a Remand Order was issued by the Judicial Panel on Multidistrict Litigation directing remand of the case from the U.S. District Court for the Northern District of Texas to the U.S. District Court for the District of Columbia. *See* Remand Order (Dec. 23, 2013), ECF No. [14]. The Panel gave weight to the Northern District of Texas' determination that remand was necessary to provide Plaintiffs "the opportunity to present to the District of Columbia court evidence and argument that a transfer to this Court [the Northern District of Texas] would be in the interest of justice." *Id*. at 3.

On February 5, 2014, Plaintiffs filed in this Court a Motion to Transfer Case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §1631. On February 20, 2014, Defendants filed a Cross-Motion to Dismiss for Lack of Jurisdiction and a Memorandum in Opposition to Plaintiffs' Motion to Transfer and in Support of Defendants' Cross-Motion to Dismiss. Plaintiffs concede that this court does not have jurisdiction over this action, but argue that this case should be transferred to the Northern District of Texas pursuant to §1631 because Plaintiffs reasonably believed that diversity jurisdiction existed at the time of filing in this court and if transfer to a court of proper jurisdiction is denied, "there is a risk that the Receiver's negligence claims may be barred." Pl.'s Mot. ¶ 14. Defendants contend that this action should be dismissed because Plaintiffs filed this action in this court in bad faith and thus it is not in the interest of justice to transfer the action. On March 27, 2014, Plaintiffs filed a Motion for Leave to Late-File Reply. *See* ECF No. [33]. The Court granted Plaintiffs' Motion

4

on June 30, 2014, and Plaintiffs' Reply was subsequently docketed. Accordingly, this motion is now ripe for review.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1631, courts have authority to transfer a civil action filed in the wrong jurisdiction, "if it is in the interest of justice" to do so. When a case is transferred pursuant to 28 U.S.C. § 1631, it "proceed[s] as if it had been filed in . . . the court to which it is transferred on the date upon which is was actually filed in . . . the court from which it is transferred." *Id*. "There are three elements to a section 1631 transfer: (1) there must be a lack of jurisdiction in the district court; (2) the transfer must be in the interest of justice; and (3) the transfer can be made only to a court in which the action could have been brought at the time it was filed or noticed." *Fasolyak v. The Cradle Soc'y, Inc*., No. 06-1126, 2007 WL 2071644, at *11 (D.D.C. July 19, 2007) (quoting *Ukiah Adventist Hosp. v. FTC*, 981 F.2d 534, 549 (D.C. Cir. 1992)). As the party requesting transfer, Plaintiffs bear the burden of establishing that the elements of a § 1631 transfer have been met. *See Osage Tribe of Indians of Okla. v. U.S*., No. 04-283, 2005 WL 578171, at *2 (D.D.C. Mar. 9, 2005) (rejecting defendants' transfer request under § 1631 because defendants failed to make the necessary threshold showing that the court lacked subject matter jurisdiction). Pursuant to 28 U.S.C. § 1631, "federal courts [have the] authority to make a single decision upon concluding that it lacks jurisdiction – whether to dismiss the case . . . or, in the interest of justice, to transfer it . . . ." *Maxwell v. Lappin*, No. 10-1613, 2011 WL 1897175 at *2 fn. 1 (D.D.C. May 18, 2011) (internal quotation marks omitted). The Court shall consider the three § 1631 requirements in turn.

## III. DISCUSSION

### A. Jurisdiction in the District of Columbia District Court

The first requirement of a § 1631 transfer—that the district court in which the action was originally filed lack jurisdiction—has clearly been met in this case, and both parties agree that this Court lacks jurisdiction. *See* Pl.s' Mot. Mem. ¶ 3 ("The parties agree that the District of Columbia district court did not and does not have diversity jurisdiction to hear this case."); Def.s' Opp'n. at 8 ("[T]here is no dispute that this Court lacks federal subject-matter jurisdiction over this case."). In their Complaint, Plaintiffs originally alleged that this Court had jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because "Plaintiffs and Defendants are citizens of different states." Compl. ¶ 7. However, both parties now concede that this Court lacks subject-matter jurisdiction over this case because some of the defendants are in fact "stateless" for the purposes of diversity jurisdiction. *See* Pl.s' Mot. Mem. ¶ 3 ("[T]he District of Columbia district court did not and does not have diversity jurisdiction . . . Plaintiffs did not know the facts about the law firms 'stateless partners' at the time."); Def.s' Opp'n. at 7 ("[E]ach defendant law firm has at least one partner who is a 'stateless' person, precluding diversity jurisdiction."). Specifically, two of the defendants are law firms with partners who are American citizens domiciled abroad. *See* Def. Chadbourne & Parke, LLP's Mot. to Dismiss, N.D. Tex. (Dallas), Mecz Decl. and Greenwald Decl., ECF No. [49-1]; Def. Proskauer Rose LLP's Mot. to Dismiss, N.D. Tex. (Dallas), Spitzer Decl., ECF No. [51].[3] The Supreme Court has held that the citizenship of a partnership for the purposes of establishing diversity jurisdiction "depends on the citizenship of 'all the members.'" *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). "Partnerships which have American partners living abroad pose a special problem. . . . An American citizen domiciled abroad, while being a

---

[3] Defendants incorporate into their present Opposition and Motion to Dismiss all arguments made in their Motions to Dismiss the First Amended Complaint filed before the Northern District of Texas. *See* Def.s' Opp'n. at 7 fn. 3.

citizen of the United States is, of course, not domiciled in a particular state, and therefore such person is 'stateless' for purposes of diversity jurisdiction." *Swiger v. Allegheny Energy, Inc.*, 540 F. 3d 179, 183-184 (3rd Cir. 2008). "Because a 'stateless' defendant 'destroy[s] complete diversity,'" all parties concede, and the Court agrees, Defendants cannot be sued in this Court based upon diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). *See Swiger*, 540 F.3d at 185 (holding that federal courts lacked diversity jurisdiction over defendant Morgan Lewis, a law firm with a partner who was an American citizen domiciled abroad because of the partner's "statelessness"). Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims.

### B. Jurisdiction in the Northern District of Texas District Court

The next requirement for a § 1631 transfer is that the transfer be made to a court "in which the action could have been brought at the time it was filed or noticed." *Fasolyak*, WL 2007 2071644, at *11. Both parties appear to agree that the Northern District of Texas has jurisdiction over these proceedings pursuant to 28 U.S.C. § 754. *See* Def.s' Opp'n. at 1-2 ("Unlike the Northern District of Texas, which Plaintiffs concede has 'jurisdiction over the Stanford receiver proceedings' . . ."); Pl.s' Mot. Mem. ¶ 3. Pursuant to § 754, the Northern District of Texas, as the court that appointed Plaintiff as Receiver, has jurisdiction over any claim brought by the Receiver in his execution of Receivership duties. *See* Def. Chadbourne & Parke's Mot. to Dismiss, N.D. Tex. (Dallas), at 18 ("[The Northern District of Texas] has previously acknowledged that 'a receiver has standing to bring ancillary recovery actions in the appointing court . . .'") (citing *Janvey v. Alquire*, 846 F. Supp. 2d 662, 668-69) (N.D. Tex. 2011)).

However, the question remains as to whether this action could have been brought in the

Northern District of Texas *at the time it was filed*—as required by the statute. In their Opposition, Defendants raise the specter that had Plaintiff filed the present action in the Northern District of Texas at the time Plaintiff filed the action in this court, the action would have been barred by the Texas statute of limitations. *See* Def.s' Opp'n at 2. Plaintiffs effectively ignore this issue in their briefing, focusing instead on whether the Texas statute of limitations would bar this action if it were filed in the Northern District of Texas District Court today. But whether an action would have been barred by a statute of limitations in the transferee court if that action had originally been filed in that court is an essential part of the analysis of the third requirement of a § 1631 transfer. *See Hyun Min Park v. Heston*, 245 F.3d 665, 667 (8th Cir. 2001) (holding that untimely appeal could not be transferred under § 1631 because transfer "can remedy the mistake of filing in the wrong court, but not the mistake of filing in an untimely manner"); *Briseno v. United States*, No. 08-74, 2009 WL 899697, at *2 (Fed. Cl. Mar. 31, 2009) (transferring case pursuant to § 1631 because plaintiffs had cited "to a statute of limitations which, in their opinion, would likely bar a new case filed after the dismissal of plaintiffs' suit in this court, but which would not bar plaintiffs' claims as of the date of their original filing in this court."). Neither party sufficiently briefs the statute of limitations issue apparently because both—correctly—agree that timeliness questions are most prudently resolved not by the transferor court, but by the transferee court. *See* Def.s' Opp'n. at 16; Pl.s' Reply ¶ 4; *see also Sosa v. Sec'y, Dep't of Def.*, 47 Fed. Appx. 350, 352 (6th Cir. 2002) (holding that transferee court should resolve the disputed timeliness of plaintiff's claim); *Hyun Min Park*, 245 F.3d at 667 (declining to resolve the "open question" of whether plaintiff's petition for review was timely and transferring the case pursuant to § 1631). Consequently, the Court finds that the facts relevant to the third requirement for a § 1631 transfer do not prevent transfer to the Northern District of Texas. Nevertheless, as

explained below, the Court shall deny transfer of this action to the Northern District of Texas because transfer is not in the interest of justice.

### C. Transfer Would Not Be in the Interest of Justice

This Court must finally consider whether transferring this case to the Northern District of Texas is in the interest of justice. The legislative history of § 1631 indicates that "Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." *Am. Beef Packers, Inc. v. I.C.C.,* 711 F.2d 388, 390 (D.C. Cir. 1983) (per curiam) (citing S.Rep. No. 275, 97th Cong., 2d Sess. 11 (1981), *reprinted in* 1982 U.S.C.C.A.N. 11, 21). In determining whether a transfer is in the interest of justice, the equities of dismissing a claim when it could be transferred should be carefully weighed. *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (citing *Franchi v. Manbeck,* 947 F.2d 631, 634 (2d Cir. 1991)). Courts have found that transfer is "in the interest of justice" when, for example, the original action was misfiled by a *pro se* plaintiff or by a plaintiff who, in good faith, misinterpreted a complex or novel jurisdictional provision. *See, e.g., Prof'l Managers' Ass'n v. U.S.*, 761 F.3d 740, 745 fn. 5 (D.D.C. 1985) (holding that transfer was in the interest of justice "because of the complexity of the federal court system and special jurisdictional provisions"); *Besser v. Sec. of HHS*, No. 86-1477, 1987 WL 155962 at *1 (D.C. Cir. 1987) (holding transfer was in the interest of justice because a *pro se* litigant was confused as to where to file his action). Courts have also looked to whether it would be time consuming and costly to require a plaintiff to refile his or her action in the proper court or whether dismissal would work a significant hardship on plaintiff who would likely now be time barred from bringing his or her action in the proper court. *See Prof'l Managers' Ass'n*, 761 F.3d. at 745 fn. 5; *Maxwell*, 2011 WL 1897175 at *2 (holding transfer was in the interest of justice because it would be too costly and time-

9

consuming to make prisoner refile his habeas petition); *Bailey v. Fulwood*, 780 F. Supp. 2d. 20, 27 (D.D.C. 2011) (same).

Weighing these factors, the Court cannot find that transfer is in the interest of justice in the present case. First, Plaintiffs are not *pro se* litigants who were simply confused as to the proper forum in which to file their action. Rather, Plaintiffs are represented by two law firms, Strasburger & Price, LLP and Neligan Foley, LLP. *Cf. Esposito v. C.I.R.*, 208 F. Supp. 2d. 44, 46 (D.D.C. 2002) ("Confusion about the proper forum is certainly understandable when the litigants are *pro se* . . . ."); *Besser*, 1987 WL 155962, at *1 (holding that "because this *pro se* litigant was confused as to where to file his action, we decline to dismiss the petition. Instead, we transfer this action . . . ."). Nor have Plaintiffs alleged that there were complex or novel jurisdictional provisions at issue excusing their failure to file this action in the proper court. Instead, Plaintiffs' failure to recognize that the District of Columbia District Court lacked jurisdiction over their lawsuit suggests that Plaintiffs filed their suit in this jurisdiction either in bad faith and/or as an attempt at forum shopping. It is well settled law that a "stateless" partner can destroy complete diversity. Plaintiffs claim that they "did not know the facts about the law firms['] 'stateless partners' prior to filing this suit, and such facts are inherently difficult if not impossible to discover from publicly available information." Pl.s' Mot. Mem. ¶ 3. However, it would have required a minimal amount of research on Defendants' websites for Plaintiffs to be alerted to the likelihood that Defendants might be considered "stateless" for the purposes of diversity jurisdiction. *See* Def.s' Opp'n. at 12 ("[E]ven a minimal level of diligence would have revealed that Proskauer and Chadbourne . . . have fourteen different international offices . . . This information is prominently and clearly identified on both firms' websites . . . which also disclose that U.S. law is practiced in foreign offices, in some cases by partners who have obviously

American backgrounds but have lived in the same foreign country for as many as 20 years or more."). As Defendants argue, prior to filing this suit, "[P]laintiffs should, at a bare minimum, have realized that they lacked the information necessary to plead what was required for diversity jurisdiction under established federal law." *Id.* at 20. Instead, despite having sophisticated counsel, Plaintiffs only alleged jurisdiction was appropriate in this court because Defendants Proskauer Rose and Chadborne & Parke are "citizen[s] of a state other than Texas." Compl. ¶¶ 10-11. *See Kelso v. Luna*, 317 Fed. Appx. 846, 848 (10th Cir. 2009) (holding that transfer was inappropriate because plaintiff's original action was not filed in good faith where plaintiff "should have realized" that the district in which he filed was an improper forum because an action he had previously filed was dismissed for lack of jurisdiction). The Court finds that it is unlikely that Plaintiffs were simply confused about the propriety of jurisdiction in this court.

Furthermore, the fact that Plaintiffs previously filed sixty-one related lawsuits and, "in an abundance of caution," one virtually identical suit in the Northern District of Texas, but only one suit in the District of the District of Columbia, suggests that Plaintiffs may have been aware that the District of Columbia was an improper forum. Pl.s' Mot. Mem. ¶ 4 fn. 1 (". . . in an abundance of caution, Plaintiffs filed a second suit in the Northern District of Texas . . . which is . . . stayed pending the outcome of the D.C. suit."). The timing of this suit also suggests that Plaintiffs were attempting to circumvent concerns regarding the constraints of the statute of limitations in Texas. While the limitations period for negligence claims is two-years in Texas, it is three-years in the District of Columbia. *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F. 3d 1362, 1369 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003); *Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 47 (D.D.C. 2006) (citing D.C. Code § 12-301). Defendants argue that "by filing in a different district with a longer

limitations period, plaintiffs hoped to overcome their delay in filing this action and preserve their [allegedly] stale claims." Def.s' Opp'n at 11. Plaintiff does not respond to any of these arguments by Defendants. Such forum-shopping plaintiffs are not the type of confused litigants Congress contemplated in providing for transfer pursuant to § 1631.

Finally, transfer is not in the interest of justice in so far as it would avoid the inefficiencies involved in dismissing the action and requiring Plaintiffs to refile in the proper forum as Plaintiffs have already done so. Plaintiffs concede that "in an abundance of caution," they already filed a second suit in the Northern District of Texas which has been stayed pending this decision. Pl.s' Mot. Mem. ¶ 4 fn. 1. Consequently, dismissal of this case will not require Plaintiffs to refile and will be neither time-consuming nor potentially costly. *See Carson v. Director, Office of Workers' Comp. Programs,* No. 97-1203, 1997 WL 573483 at *1 (D.C. Cir. 1997), *cert. denied*, 522 U.S. 1121 (1998) (holding transfer pursuant to 28 U.S.C. § 1631 was not necessary because petitioner had filed an identical petition with the Ninth Circuit). If this case is dismissed, Plaintiffs can prosecute the second action. Accordingly, the Court finds it is not in the interest of justice to transfer this matter to the Northern District of Texas.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that transfer of this case to the Northern District of Texas is not appropriate pursuant to 28 U.S.C. § 1631 because it is not in the interest of justice. Accordingly, Plaintiffs' [15] Motion to Transfer is DENIED and Defendants' [29] Cross-Motion to Dismiss is GRANTED.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE